IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JESSE J. MOLYNEUX (IA), JOHN STELLMACH (WI), Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITAS SECURITY SERVICES, USA INC.,<br><br>Defendant. | ) Case No. 10-cv-588<br>)<br>) Judge<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) PLAINTIFFS' COLLECTIVE AND<br>) CLASS ACTION COMPLAINT<br>) (JURY TRIAL DEMANDED)<br>) |

Plaintiffs, JESSE J. MOLYNEUX and JOHN STELLMACH ("Plaintiffs"), individually and on behalf of all other similarly situated employees of Securitas Security Services, USA Inc. ("Defendant"), by and through their counsel of record, bring their claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), and as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure and in accordance with Iowa state law and Wisconsin state law ("state wage laws") against Defendant, its subsidiaries and affiliates, and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## JURISDICTION AND VENUE

1.   This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer ...

1

in any Federal or State court of competent jurisdiction." Id.  Each representative Plaintiff has signed an opt-in consent form to join this lawsuit (Attached hereto as Exhibit A).

2.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.      This Court has original jurisdiction over Plaintiffs' state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) at least some members of the proposed classes have a citizenship different from Defendant; and (2) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.  This Court also has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367 because such claims derive from a common nucleus of operative facts.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant resides in and conducts business within this District.  In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## **PARTIES**

5.      Defendant Securitas Security Services, USA Inc., provides security services to businesses in all fifty (50) states, and is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

6.      Representative Plaintiffs bring this case on behalf of themselves and other similarly situated employees, as defined by 29 U.S.C. §201 , 3(e) of the FLSA, who currently work, or who worked as an hourly paid, non-exempt, uniformed security officer at any time during the three-year period immediately preceding the filing of the original Complaint (hereinafter "Violation Period"), for the Defendant.

7. Plaintiff Jesse J. Molyneux is a resident of Iowa and worked as an hourly paid, non-exempt, uniformed security officer for Defendant Securitas Security Services, USA Inc., in the state of Iowa, during the applicable statute of limitations period.

8. Plaintiff John Stellmach is a resident of Wisconsin and worked as an hourly paid, non-exempt, uniformed security officer for Defendant Securitas Security Services, USA Inc., in the state of Wisconsin, during the applicable statute of limitations period.

## FACTUAL BACKGROUND

9. Plaintiffs are individuals who were employed by Defendant as uniformed security officers during the statutory period. Plaintiffs were classified by Defendant as non-exempt under the FLSA and state wage and hour laws and paid an hourly rate. Plaintiffs all shared similar job titles, training, uniform requirements, compensation plans, job descriptions and job requirements, amongst other things.

10. Defendant managed Plaintiffs' work, including security officer training, uniform and appearance requirements, amount of hours worked and compensation paid. The Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

11. Pursuant to Defendant's common scheme, Plaintiffs worked without pay in one or more of the following ways:

   a. Completing orientation and training activities;

   b. Working before the start of their scheduled shift checking out equipment, lining up for inspection, preparing paperwork, reviewing post orders and receiving pass down and other instructions for their shift, amongst other things;

   c. Staying past the end of their scheduled shift working on an assignment or waiting as a holdover for the next scheduled security officer to arrive; and,

3

      d. Complying with Defendant's dress code policy by shining boots and other leather items, cleaning, pressing and maintaining shirts, pants, jackets, hats, badges and other equipment.

12.     Pursuant to Defendant's common scheme, Plaintiffs completed new hire paperwork, received company policies, were outfitted in their Securitas uniform and completed training without pay.

13.     Pursuant to Defendant's common scheme, Plaintiffs often worked before the start of their scheduled shifts preparing for work, completing paperwork, lining up for inspections, reviewing post orders and receiving pass down instructions amongst other tasks. Defendant failed to record accurately all time spent by its officers working before the start of their scheduled shifts and failed to properly compensate its officers for all time worked before their scheduled shifts. Specifically, Defendant deprived its officers of regular wages and overtime compensation for time worked over forty hours per week.

14.     Pursuant to Defendant's common scheme, Plaintiffs often worked past the end of their scheduled shifts completing assignments and staying as a holdover until they were relieved by another officer. Defendant failed to record accurately all time its officers spent working past the end of their scheduled shifts and failed to properly compensate Plaintiffs for all time worked past their scheduled shifts. Specifically, Defendant deprived Plaintiffs of regular wages and overtime compensation for time worked over forty hours per week.

15.     Pursuant to Defendant's security officer dress code and appearance policy, Plaintiffs were required to obtain and wear a Securitas uniform consisting of uniform pants, shirt, jacket, belt, badge and other items. Moreover, Plaintiffs were required to clean, press and otherwise maintain their uniforms without any pay. Plaintiffs worked without pay each week to comply with Defendant's uniform appearance requirements. As a result of its dress code policy

and the extra time spent by Plaintiffs maintaining their uniforms, Defendant was aware that Plaintiffs often worked more than 40 hours per week. Nonetheless, Defendant failed to properly pay its uniformed security officers for all hours actually worked, including overtime compensation as required by the FLSA.

16. Defendant's practices violated the provisions of federal law. As a result of Defendant's unlawful practice, the Defendant benefited from reduced labor and payroll costs.

17. Plaintiffs were all subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of regular and overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiffs in accordance with the requirements of the FLSA, Plaintiffs suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATONS

18. Representative Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

19. The proposed collective class of similarly situated persons is defined as:

> "All individuals who were employed or are currently employed by the Defendant, its subsidiaries or affiliated companies, as security officers at any time during the relevant statute of limitations."

20. This action is properly maintained as a collective action because the Representative Plaintiffs are similarly situated to the members of the collective class with respect to job title, job description, training requirements, dress code requirements, job duties, and the wage and hour violations alleged in this Complaint, amongst other things.

21. Defendant encouraged, suffered and permitted Plaintiffs and the collective class to work regular hours without compensation and to work more than forty (40) hours per week without the proper overtime compensation.

22. Defendant knew that representative Plaintiffs and the collective class performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive representative Plaintiffs and the collective class of wages and overtime compensation by failing to properly compensate them for all time worked.

23. Defendant's conduct, as alleged herein, was willful and has caused significant damage to representative Plaintiffs and the collective class.

24. Defendant is liable under the FLSA for failing to properly compensate representative Plaintiffs and the collective class. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

25. Plaintiffs estimate that there are approximately several thousand members of the collective class. The precise number of collective class members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendant's offices.

## STATE SPECIFIC CLASS ALLEGATIONS

26. The Iowa and Wisconsin Representative Plaintiffs bring claims for relief on their own and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. Each state specific class is defined as:

> All current and/or former "Security Officers" employed by Defendant, its subsidiaries or affiliated companies, during the Violation Period located in [State].

27. This action is properly maintainable as a class action under Rule 23 because

   a. The class is so numerous that joinder of all members is impracticable,

   b. There are questions of law or fact that are common to the class,

   c. The claims or defenses of the representative parties are typical of the claims or defenses of the class, and

   d. The Representative Plaintiffs will fairly and adequately protect the interests of the class.

28. This action is also properly maintainable as a class action under Rule 23(b) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### Numerosity

29. The total number of putative plaintiffs represents approximate to several thousand individuals. The exact number of state specific class members may be determined from Defendant's records.

### Commonality

30. There are numerous and substantial questions of law and fact common to members of the state class including, but not limited to, the following:

    a. Whether Defendant failed to keep true and accurate time records for all hours worked by the proposed class;

    b. Whether Defendant improperly edited the time records of class members to reduce the amount of compensation it owed to class members;

    c. Whether proof of hours worked is sufficient where Defendant failed its duty to maintain true and accurate time records;

    d. Whether Defendant failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

    e. Whether Defendant failed to compensate class members for all work performed in excess of 40 hours per workweek with overtime premium wages;

    f. Whether Defendant required class members to clean, press and otherwise maintain their uniforms without reimbursement pay;

    g. Whether Defendant engaged in a pattern, practice or policy encouraging class members to work "off-the-clock" and failing to pay class members for such hours worked off-the-clock;

    h. Whether Defendant intentionally and pursuant to a standard policy or practice made misrepresentations or omissions of material fact by altering time, attendance and payroll records to understate class members' true earnings; and,

    i. Whether the Defendant willfully failed to comply with state and federal wage and hour laws.

31. Plaintiffs anticipate that Defendant will raise defenses that are common to the class.

### Adequacy

32. The state Representative Plaintiffs will fairly and adequately protect the interests of the class. They have retained experienced counsel that is competent in the prosecution of complex litigation.

### Typicality

33. The claims asserted by the state Representative Plaintiffs are typical of the state classes. The state Representative Plaintiffs have the same interests and suffer from the same injury as the state class members.

34. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Federal Rules of Civil Procedure, Rule 23(c)(2)(B).

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiffs incorporate by reference all preceding paragraphs.

36. Plaintiffs and other hourly non-exempt security officers are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

37. Section 206 of the FLSA requires employers to pay employees a minimum wage for all hours worked.

38. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

39. Plaintiffs and other hourly paid, non-exempt security officers worked time without pay for the Defendant and were not properly paid minimum wages or overtime wages in violation of the FLSA.

40. Plaintiffs and other hourly paid, non-exempt security officers worked before the start of their scheduled shifts but were not properly paid minimum wages or overtime wages for all this time worked in violation of the FLSA.

41. Plaintiffs and other hourly paid, non-exempt security officers worked past the end of their scheduled shifts but were not properly paid minimum or overtime wages for all this time worked in violation of the FLSA.

42. Plaintiffs and other hourly paid, non-exempt security officers spent time laundering, pressing and/or maintaining their uniforms each week but were not paid regular wages or overtime wages for such work in violation of the FLSA.

43. Through its actions, policies and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals for all actual hours worked.

44. Defendant also willfully failed to pay wages, overtime pay and other benefits to Plaintiffs and others by failing to keep accurate time records to avoid paying them overtime wages and other benefits.

45. The foregoing actions of Defendant violated the FLSA.

46. Defendant's actions were willful and not in good faith.

47. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

48. Defendant is liable to Plaintiffs and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

49. Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

## COUNT II

### VIOLATION OF IOWA MINIMUM WAGE REQUIREMENTS

50. Plaintiffs incorporate by reference all preceding paragraphs.

51. Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52. Defendant is an "employer" and Plaintiffs and class members are "employees" under Iowa Code, §91A *et seq.*

53. Iowa Code, §91A *et seq.* requires employers to pay employees minimum wages for all hours worked. Iowa Code further provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages, costs, attorney's fees, and other appropriate relief.

54. Defendant violated Iowa Code, §91A *et seq.* by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week.

55. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## COUNT III

### VIOLATION OF WISCONSIN'S WAGE PAYMENT STATUTE §109.03 and WISCONSIN ADMINISTRATIVE CODE DWD §272

56. Plaintiffs incorporate by reference all preceding paragraphs.

57. Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58. Throughout the relevant time period, Defendant was an "employer" and Plaintiffs and class members are "employees" within the meaning of Wisconsin Statutes §103.01, *et seq.*, §§104.01, *et seq.*, §§109.01. *et seq.*, and Wisconsin Administrative Codes §§272.001, *et seq.*, §§274.01, *et seq.*

59. Wisconsin Statute § 109.03 requires employers to pay its employees all wages due not more than 31 days prior to the date of payment. Wisconsin statute §109 provides that if an employer willfully fails to timely pay such wages, the employer is liable to the employee for full wages, plus increased wages as provided in Wisconsin Statutes § 109.11(2).

60. Defendant has willfully violated Wisconsin Statute § 109.03 and Wisconsin Administrative Code DWD §§272 and 274 by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week.

61. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## COUNT IV

### VIOLATION OF WISCONSIN'S OVERTIME STATUTE §103.01-03, 103.74 AND WISCONSIN ADMINISTRATIVE CODE DWD §274

62. Plaintiffs incorporate by reference all preceding paragraphs.

63. Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

64. Throughout the relevant time period, Defendant was an "employer" and Plaintiffs and class members are "employees" within the meaning of Wisconsin Statutes §103,01, *et seq.*, §§104.01, *et seq.*, *§§109.01. et seq.*, and Wisconsin Administrative Codes §§272.001, *et seq.*,

*§§274.01, et seq.*

65. Plaintiffs often worked before the start of their scheduled shifts preparing for work, and also, often worked past the end of their scheduled shifts completing assignments and staying as a holdover until they were relieved by another officer. Such compensable work time is in addition to the forty (40) hours of already compensated work Plaintiffs engaged in. As such, the uncompensated time should have been compensated at an overtime rate of pay under Wisconsin Administrative Code §274.03.

66. Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of Wisconsin Statute § 103.74 and Wisconsin Administrative Code DWD § 274.06.

67. Defendant has willfully violated the above provisions and violated Wisconsin Statute §109.03(1) by regularly and repeatedly failing to compensate Plaintiffs proper overtime rates.

68. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiffs Jesse J. Molyneux and John Stellmach, individually, and on behalf of all others similarly situated, by and through their attorneys demand judgment against the Defendant and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

a.      Order the Defendant to file with this Court and furnish to counsel a list of all names and addresses of all hourly paid, non-exempt security officers employed by the Defendant who currently work or have worked for Defendant within the last three years;

b.      Declare and find that the Defendant committed one or more of the following acts:

      i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt-in to this action;

      ii. Violated minimum wage provisions of the FLSA by failing to pay minimum wages to Plaintiffs and similarly situated persons who opt-in to this action;

      iii. Willfully violated overtime provisions of the FLSA; and,

      iv. Willfully violated minimum wage provisions of the FLSA;

c.      Award judgment in favor of Plaintiffs and against Defendant for an amount equal to Plaintiffs' and collective class action members' unpaid back wages pursuant to the applicable minimum wage and overtime rates;

d.      Award and declare that Defendant's violations of the FLSA and state laws were willful;

e.      Award Plaintiffs and members of the collective class liquidated damages in accordance with the FLSA;

f.      Award prejudgment interest (to the extent that liquidated damages are not awarded);

g.      Certify this action as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure and certify the state classes set forth above;

h.      Award all legal and equitable relief available under Iowa Code, §91A *et seq.;*

i.      Award all legal and equitable relief available under Wisconsin's Wage Payment Statute §109.03 and Wisconsin Administrative Code DWD §§ 272.

j.      Award all legal and equitable relief available under Wisconsin's Overtime Statute §103.01-03, 103.74 and Wisconsin Administrative Code DWD §274.

k.      Award Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA and applicable state laws;

l.  Award pre and post judgment interest and court costs as further allowed by law;

m.  Grant Plaintiffs and the class leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

n.  Award compensatory damages, including all pay owed, in an amount according to proof;

o.  Award interest on all compensation due accruing from the date such amounts were due;

p.  Provide additional general and equitable relief to which Plaintiffs and the class may be entitled;

q.  Grant leave to amend to add claims under applicable state and federal laws;

r.  Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

Dated: December 9, 2010.                    Respectfully Submitted,


*/s/ J. Barton Goplerud*
J. Barton Goplerud
Ryan E. Weese
Jenna L. Green
HUDSON MALLANEY SHINDLER &
    ANDERSON, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa  50265
Telephone:  (515) 223-4567
Facsimile:    (515) 223-8887
jbgoplerud@HudsonLaw.net
rweese@HudsonLaw.net
jgreen@HudsonLaw.net

*ATTORNEYS FOR PLAINTIFFS*