# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| JESSE J. MOLYNEUX (IA) and JOHN STELLMACH (WI), Individually, and on Behalf of All Others Similarly Situated, | * * * * * | CIVIL NO. 4:10-CV-00588-JAJ-TJS |
| Plaintiffs, | * * | |
| v. | * * * | ORDER |
| SECURITAS SECURITY SERVICES USA, INC., | * * * | |
| Defendant. | * | |

Plaintiffs Jesse Molyneux and John Stellmach brought this action on December 9, 2010, against their employer, Securitas Security Services USA, Inc. ("Securitas") individually and on behalf of other similarly situated employees, as a collective action pursuant to the Fair Labor Standards Act and as a class action pursuant to Federal Rule of Civil Procedure 23 under Iowa and Wisconsin state wage laws. (Plaintiffs' Collective and Class Action Complaint (Clerk's No. 1).) Plaintiffs work as hourly paid security officers for Securitas and seek to recover unpaid wages and unpaid overtime compensation. (*Id.*)

Plaintiffs filed a Motion to Conditionally Certify a Collective Action and Facilitate Notice Pursuant to 29 U.S.C. § 216(b) (Clerk's No. 37) on May 26, 2011. The motion, which will be addressed by United States District Judge John A. Jarvey, has been opposed by Securitas (Clerk's No. 50) but not fully briefed or argued before the court.

On June 29, 2011, plaintiffs filed an Emergency Motion for a Protective Order and Additional Relief (Document No. 53) with a supporting Memorandum (Clerk's No. 53-1). Plaintiffs filed their motion in response to Securitas sending a document entitled "Dispute Resolution Agreement" (Ex. A) to its currently employed security officers. As asserted by plaintiffs, Securitas without any notice to plaintiffs' counsel or the court sent purported arbitration agreements to represented opt-in plaintiffs and putative class members seeking to release their right to pursue claims as a class in this and other lawsuits. (*Id.* ¶ 1.) Plaintiffs characterize Securitas' actions as an attempt to make an end-run around this court's authority and as a surreptitious attempt to evade its liability for class-wide wage and hour violations. (*Id.* ¶¶ 1, 2.)

Plaintiffs request that the court enter an order invalidating the arbitration clause and release, prohibiting Securitas from communicating with represented opt-in plaintiffs about the subject matter of this litigation, directing Securitas to provide names, addresses and telephone numbers of all putative class members who were sent the purported arbitration agreements, authorizing plaintiffs to issue a corrective notice at Securitas' expense, directing Securitas to provide plaintiffs with all materials sent to or received from opt-in plaintiffs and putative class members, and directing Securitas to identify whether any in-house or litigation counsel were involved in seeking class releases. (*Id.*) As for the later request, plaintiffs suggest there may have been a breach of professional ethics. (*Id.* ¶ 3.)

Securitas filed an Opposition (Clerk's No. 62) to the motion on July 6, 2011. Securitas explains that it implemented a nationwide Dispute Resolution Program following the decision of the United States Supreme Court in *AT&T Mobility LLC v. Concepcion*, 131

S.Ct. 1740 (2011), entered on April 27, 2011. In Securitas' opinion, its Program provides a fair, inexpensive, and impartial arbitration system binding both on Securitas and its current employees. (*Id.* at 1.) According to Securitas, the Program requires all disputes in arbitration be litigated individually, and not in a class or representative capacity, which is now specifically allowed under *Concepcion* and the Federal Arbitration Act. (*Id.*)

Securitas acknowledges the court has the responsibility to assure that putative members of a class are protected from coercive or misleading statements, but argues no such conduct occurred by its actions in this case. (*Id.* at 2.) Securitas indicates it will agree to additional notice and opportunity to continue as a named party in this litigation to potential members of this collective action if and when the court grants conditional certification. (*Id.*) Securitas believes such narrowly tailored relief will preserve the *status quo* while the parties brief and argue the pending motion for conditional certification. (*Id.*)

The court held a hearing on July 7, 2011, during which counsel for the parties argued the positions set forth in their briefs. Shortly after the hearing, the court ordered plaintiffs to submit a proposed corrective notice. (Clerk's No. 63.) Plaintiffs submitted their proposed notice, on July 7, 2011, which was a version of a notice distributed in a California action, modified solely with respect to the identification of plaintiffs' counsel and case caption for this litigation.

After considering the parties' arguments, and reviewing the Dispute Resolution Agreement ("DRA") at issue, the court tends to agree with plaintiffs on several points. The opening paragraph of the Agreement states:

> Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law, and therefore this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial. . . . The Agreement also applies, without limitation, to disputes regarding the employment relationship, any city, county, state or federal wage-hour law, . . . and claims arising under the . . . Fair Labor Standards Act, . . . and state statutes . . . .

(DRA ¶ 1.) Later in the document, beginning in paragraph 7, the Agreement addresses pending litigation:

> This Agreement is intended broadly to apply to all controversies hereafter arising out of or related to your employment relationship with the Company as well as an agreement to submit to arbitration any existing controversy arising from or related to your employment as is permitted under Section 2 of the Federal Arbitration Act. In some cases, claims have been made in court (non-arbitration) litigation on behalf of Company employees in which those employees desire to represent claims of other employees in class, collective or other representative actions (referred to as "Actions"). If you are a named party plaintiff, or have joined as a party plaintiff this Agreement shall not apply to those Actions, and you may continue to participate in them without regard to this Agreement. If you have retained counsel with respect to any claim that may be subject to this agreement you should consult that counsel. You may consult private counsel with respect to any aspect of this Agreement.
>
> This Agreement, however, shall apply to all Actions in which you are not a plaintiff or part of a certified class. The Company is aware of the following Actions in which class or representative claims have been alleged, which generally involve employee claims for unpaid wages.

(DRA ¶ 7.) After listing the specific actions, including this one, the Agreement then states:

> If you are not a named plaintiff, have not joined as a plaintiff or are not part of a certified class in any of these Actions but would like to potentially participate in one or more of the Actions as a class member or plaintiff, you may opt out of this Agreement by following the procedure set forth in Section 9, below. By not opting out of this Agreement as set forth in Section 9 below, however, you will be giving up the right to represent others in litigation and the right to participate in any class, collective or representative action in a court of law, including the Actions enumerated above in which you are not a named plaintiff, have not joined as a plaintiff or are not part of a certified class.

> If you choose not to opt out of this Agreement, you will be able to arbitrate whatever individual claims you have against the Company. Whatever you decide, you will not be retaliated against, disciplined or threatened with discipline if you choose to opt out of this Agreement or choose not to opt out of this Agreement. The choice is yours.
>
> 8. You may not wish to be subject to this Agreement. If so, you may opt-out of this Agreement. If you wish to opt-out, you must call the following toll free number . . . in order to opt-out. In order to be effective, you must call the toll free number and opt-out within 30 days of your receipt of this Agreement. An Employee who timely opts out as provided in this paragraph will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement. Should an Employee not opt out of this Agreement within 30 days of the Employee's receipt of this Agreement, continuing the Employee's employment constitutes mutual acceptance of the terms of this Agreement by Employee and the Company. An Employee has the right to consult with counsel of the Employee's choice concerning this Agreement.
>
> 9. It is against Company policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any Employee believes that he or she has been retaliated against by anyone at the Company, the Employee should immediately report this to the Human Resources Department.
>
> 10. This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes. In the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver is deemed to be unenforceable, the Company and Employee agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

(DRA ¶¶ 7-10.)

The court agrees with plaintiffs that the language of the Agreement, especially when read as a whole, may be confusing and misleading to putative class members regarding their rights in proceeding in this action. The court also agrees that the Agreement is not merely a new employment policy by Securitas, but instead appears to be a concerted, targeted effort to have its employees waive their right to proceed in this particular, and other similar,

ongoing litigation. Moreover, the court is greatly concerned that the "Class Action Waiver" appears to be self-executing under the following language: "By not opting out of this Agreement as set forth in Section 9 below, however, you will be giving up the right to represent others in litigation and the right to participate in any class, collective or representative action in a court of law, including the Actions enumerated above." It is noteworthy that Section 8, not Section 9, actually sets forth the procedures for opting out.

The United States Supreme Court has "recognized that a trial court has a substantial interest in communications that are mailed for single actions involving multiple parties." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). "'Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties.'" *Id.* (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981)). In addressing notice of written consents in an ADEA action, the Court explained: "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed." *Id.* at 172.

In this magistrate judge's opinion, the actions of Securitas usurped the duty and authority of this court to appropriately monitor communications with putative class members to ensure the information provided regarding this litigation, and their rights in proceeding in the action, is timely and accurate. By unilaterally implementing a "Class Action Waiver" for this particular litigation under the guise of an overall Dispute Resolution Program, Securitas

has undermined the integrity of the judicial process and role of the court, and potentially confused the putative class members.

Securitas' reliance on *Concepcion* to validate its actions is misplaced. There, customers who had entered into a contractual agreement for the sale and servicing of cellular telephones brought a putative class action alleging the company engaged in false advertising and fraud. 131 S.Ct. at 1744-45. The Supreme Court held that the Federal Arbitration Act preempts California's *Discover Bank* rule regarding the unconscionability of class arbitration waivers in consumer contracts, and reversed the denial of the company's motion to compel arbitration under the terms of the contract. *Id.* at 1753.

The *Concepcion* case did not address the primary issues of concern which arise from Securitas' actions in this case: the implementation of an arbitration agreement during ongoing litigation, the waiver of rights to proceed in the ongoing litigation, and unilateral communication with putative class members regarding their rights in the litigation without notice to the court or opposing counsel. The *Concepcion* case also does not address the specific language contained in the Dispute Resolution Agreement, and whether such language is confusing or misleading to the putative class members in this litigation.

In addition, here, as opposed to the consumer contractual relationship in *Concepcion*, an employer-employee relationship exists between Securitas and the putative class members. As recognized in this district: the "employer-employee relationship between Defendants and the putative class members produces a strong potential for coercion and thus justifies minimal protections." *Bublitz v. E.I. duPont de Nemours*, 196 F.R.D. 545, 547 (S.D. Iowa 2000). In this court's opinion, Securitas has pushed the potential for coercion to the edge by

failing to provide plaintiffs' counsel and this court with notice prior to unilaterally communicating with putative class members regarding their rights in this particular litigation and implementing a self-executing "Class Action Waiver." The court has reviewed the notice proposed by plaintiffs and finds it to be appropriate and necessary in light of the actions taken by Securitas.

For these reasons, Plaintiff's Emergency Motion for a Protective Order and Additional Relief (Document No. 53) shall be granted in part and denied in part. Plaintiffs are authorized to distribute to named plaintiffs, opt-in plaintiffs and all putative class members for this action a notice in the form as proposed and submitted by plaintiffs to the court on July 7, 2011. Securitas shall provide to plaintiffs' counsel, on an expedited basis and by no later than noon on July 12, 2011, the names, addresses and telephone numbers of all putative class members who were sent the Dispute Resolution Agreement. Securitas shall provide plaintiffs' counsel with copies of all materials and communications sent to or received from opt-in plaintiffs and putative class members relating to the Dispute Resolution Agreement.

IT IS SO ORDERED.

Dated July 8, 2011.

_____
THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE