IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA (CENTRAL)

| | |
|---|---|
| JESSIE J. MOLYNEUX, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SECURITAS SECURITY SERVICES USA INC. <br><br> Defendant. | Civ. No. 4:10-cv-00588-JAJ-TJS |

### ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AND DISMISSING THE CASE

This matter is before the Court upon a Joint Motion for an Order Granting Final Approval of Settlement and Dismissing the Case pursuant to the Stipulation of Settlement previously filed and preliminarily approved by the Court. (Docket No. 133). The case is a collective action brought by the Plaintiffs Jesse Molyneaux and John Stellmach against Defendant Securitas Security Services USA, Inc. (collectively "the Parties") alleging various types of off-the-clock work in violation of the Fair Labor Standards Act, as well as state law in Iowa and Wisconsin ("the Lawsuit").

#### A.   Factual Background

Following the Court's ruling on Plaintiffs' motion for conditional certification of their FLSA claims (Docket No. 96), the sole claim conditionally certified was a claim alleging failure to pay for time spent in new hire orientation. Defendant denies that it has any liability to Plaintiffs or any collective action members with respect to this claim. However, because the cost of litigating the new hire orientation claim would exceed its value, the Parties reached a settlement of the Lawsuit on the terms set forth in the Parties' Stipulation of Settlement. (Docket No. 131). The Stipulation of Settlement resolved the case for a total of $240,000.00, on the

following material terms: (1) a $55,000 payment to the class consisting of those who attended new hire orientation between November 28, 2008 and December 31, 2009; (2) a $20,000 payment to be divided among the two Named Plaintiffs ($5,000 each) and the six individuals who filed declarations in support of conditional certification ($1,666.66 each); and (3) a $165,000 payment to Plaintiffs' counsel for attorney's fees and costs.

On August 21, 2012, the Court preliminarily approved the Parties' Stipulation of Settlement, approved the Notice of Settlement and Claim Form to be sent to the class, and granted Rule 23 class certification of the Iowa and Wisconsin state law claims for purposes of settlement (Docket No. 133). The Court set the Final Approval Hearing for November 5, 2012 at 1:30 p.m.

As detailed in the Declaration of the Claims Administrator submitted to the Court in support of the Parties' Joint Motion for Final Approval, the Notice of Settlement and Opt-Out Claim Form were timely sent to the class and provided recipients with 60 days to: (1) participate in the settlement by taking no action; (2) object to the settlement by sending written notice to the Court and counsel for the Parties; or (3) opt out of the settlement by returning the Opt-Out Claim Form. The Claims Administrator processed the responses as provided for in the Stipulation of Settlement preliminarily approved by the Court, including skip tracing and re-mailing undeliverable notices. Of the 795 notices mailed, 34 remained undeliverable. Nine individuals submitted valid Opt-Out Claim Forms, and no objections were received.

Accordingly, the $55,000 settlement payment to the class will be divided among the 751 class members who were located but did not opt out of the settlement ("Participating Class Members"). The Claims Administrator has computed payments to be made to the Participating Class Members, and established a fund out of which the payments will be made to them

following final approval of the settlement. Securitas will make the payments to the named Plaintiffs and Plaintiffs' attorneys directly.

### B. The Settlement Terms With Respect To Plaintiffs' State Law Claims Are Fair, Reasonable and Adequate Under F.R.C.P. 23(e).

Rule 23(e) of the Federal Rules of Civil Procedure requires that cases brought as class actions may only be settled, compromised or dismissed upon a court finding that it is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e). Generally, court approval of a proposed class action settlement is accomplished in a two-step process. First, the parties submit the proposed terms of the settlement and the court makes a preliminary evaluation of fairness. Second, if the preliminary evaluation of the proposed settlement does not disclose ground to doubt the basic fairness of the proposed settlement or other obvious deficiencies, the court should direct notice be given to the class members of the formal fairness hearing, at which time arguments and evidence may be presented in support of or in opposition to the proposed settlement. NEWBERG ON CLASS ACTIONS, §11.25 (4th ed. 2002); MANUAL FOR COMPLEX LITIGATION, § 30.41 (3rd ed.).

In assessing whether a settlement is fair, reasonable and adequate, courts within the Eighth Circuit generally consider: (1) the merits of the plaintiff's case, weighed against the settlement terms; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005)); *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988)).

"In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Bullock v. Administrator of Estate of Kircher*, 26 F.R.D. 1, 26 (D.N.J. 1979); *National Rural Tele. Coop. v.*

*DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). In sum, courts approach class action settlements "with a presumption in their favor." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999) (quoting *Little Rock Sch. Dist. v. Pulaski Co. Special Sch. Dist. No. 1*, 921 F.2d 1371, 1388 (8th Cir. 1990)).

Here, the Parties Settlement is fair, reasonable and adequate under the governing multi-factor test:

1. The Court is persuaded that the settlement is fair, reasonable and adequate given the merits of the case weighed against the settlement terms. The settlement provides full recovery to the Class Members without the risks inherent in continuing what would prove to be lengthy litigation and the possibility that Defendant would prevail on its arguments that new hire orientation was not compensable time.

2. The Court is also persuaded that the settlement is fair, reasonable and adequate given the financial condition of Defendant. Defendant is agreeing to provide full recovery on the new hire orientation claim in exchange for a release, and there is no issue with respect to the financial condition of Defendant.

3. The Court finds the settlement to be fair, reasonable, and adequate given the complexity and expense of further litigation because the Parties agree that the cost of continuing litigation will far exceed the $55,000 value of the claims at issue (which amount is being paid under the settlement). The attorneys' fees portion of the settlement is reasonable given the results obtained, the hours spent, and the rates previously approved by this Court.

4. The settlement is fair, reasonable and adequate as reflected by the fact that no class member filed an opposition to the settlement. In addition, the nine individuals who opted not to

participate in this settlement, and the 34 individuals who could not be located, will be excluded from the settlement and the final order.

In sum, the Court is persuaded that the settlement is fair, reasonable, and adequate.

### C. The Settlement Terms With Respect To Plaintiff's FLSA Claim Are Fair And Reasonable.

An employee may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *E.g. Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). With respect to a court-authorized settlement, the court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n. 6 (11th Cir. 1994)); *see also Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. March 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, *3 (*quoting Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.

1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575 *3 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The Court finds that the Parties' settlement is fair and reasonable under the factors generally considered by courts:

1. The settlement was not fraudulent or collusive. The settlement was the result of a highly contested, arms-length negotiation. The terms of the settlement represent a true compromise by both sides: it provides complete relief to the Class Members, including full liquidated damages and penalties, and required Plaintiffs' counsel to take a significant discount on their attorneys' fees.

2. The settlement appropriately factored in the complexity, risk, expense, and likely duration of the litigation. The dollar value exposure for back wages on the new hire orientation claim was far less than the attorney's fees that would be required to litigate the claim. Further, there are risks inherent in proceeding with the litigation in light of Defendants' arguments on the merits of the claim.

3. Settlement is appropriate at this stage of the proceedings, given the amount of discovery completed. Defendant provided videos, agendas and other documents regarding the content of new hire orientation and extensive electronically stored information, produced payroll records showing the number of individuals hired and their first week of pay during the Class Period, and also produced timesheets and payroll records demonstrating the hours paid for new hire orientation beginning on January 1, 2010. The Parties thus had all of the information

necessary to assess the compensability of new hire orientation program during the relevant time period, as well as the possible exposure for back pay.

4. The parties dispute the strength of the plaintiff's case. From the Plaintiffs' viewpoint, the settlement pays full value on the Plaintiffs' claims and allows them to avoid the risk of an adverse result and certain further legal fees and expenses. From the defense viewpoint, the settlement provides for a significant discount on Plaintiffs' attorney's fees and enables Defendant to avoid incurring additional defense fees and costs and the risks inherent in further litigation.

5. The settlement covers the range of possible recovery. The payments to the Class Members make them whole, and include liquidated damages and penalties.

6. Attorneys for the Parties, who are experienced in wage and hour collective and class actions, believe that settlement is fair and reasonable.

For all of these reasons, the Court is persuaded that the settlement is fair and reasonable.

**D.     Conclusion and Order**

Upon review and consideration of the Stipulation of Settlement, upon consideration of the agreement between Defendant on the one hand, and the Named Plaintiffs on behalf of themselves and as representatives of themselves and the Rule 23 class, to settle and dismiss the Lawsuit upon the terms set forth in the Stipulation of Settlement, and having conducted a hearing as to the good faith, fairness, reasonableness and adequacy of the proposed settlement, and also on the motion by Plaintiffs for an award of attorney's fees and expenses

NOW, therefore, the Court GRANTS the Joint Motion for Final Approval of Settlement and GRANTS Plaintiff's Motion for Attorney's Fees as follows:

1.     The Stipulation of Settlement constitutes a fair and reasonable resolution of a *bona fide* dispute under 29 U.S.C. §201 *et seq.* and is fair, reasonable and adequate under Fed. R.

Civ. P. 23(e), and is finally approved.

2. In accordance with the Stipulation of Settlement and by virtue of Federal Rule of Civil Procedure 23(e), those class members who did not submit timely Opt-Out Clam Forms shall be bound by the terms of the Stipulation of Settlement and the provisions of this Order.

3. In accordance with the Stipulation of Settlement and by virtue of Federal Rule of Civil Procedure 23(e), those class members who timely submitted Opt-Out Claims Forms, and those class members who could not be located, shall not be bound by the terms of the Stipulation of Settlement and shall not be bound by the provisions of this Order.

4. Upon entry of this Order, compensation to the participating class members shall be effected pursuant to the terms of the Stipulation of Settlement.

5. The Court awards incentive payments of $5,000 each to Named Plaintiffs Jesse Molyneux and John Stellmach to be paid pursuant to the terms of the Stipulation of Settlement.

6. The Court awards incentive payments of $1,666.66 each to Sherry Swanson, Jared Sommerfelt, Irenn Johnson, Randall Langford, Joseph Dandeneau, and Lisa Meinhart to be paid pursuant to the terms of the Stipulation of Settlement.

7. The Court awards Plaintiff's counsel fees and expenses in the amount of $165,000.00 to be paid pursuant to the terms of the Stipulation of Settlement.

8. Upon entry of this Order, all of the claims in the Lawsuit shall be and are hereby dismissed with prejudice by the Named Plaintiffs and all Participating Class Members identified in Exhibit C of the Declaration of the Claims Administrator submitted in support of the Joint Motion for Final Approval.

9. This Order is intended to be a final judgment disposing of this entire Lawsuit and controversy, and is intended to be immediately appealable.

10. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the Settlement, and any and all Claims, asserted in, arising out of, or related to the subject matter of the Lawsuit, including but not limited to all matters related to the settlement and the determination of all controversies relating thereto.

IT IS SO ORDERED.

Date: 11/6, _____, 2012

_____
JOHN A. JARVEY
U.S. DISTRICT COURT JUDGE